# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY-VINCENT CARTMAN,** | : | CIVIL ACTION NO. 1:20-CV-432 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN SCOTT FINLEY,** | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Anthony-Vincent Cartman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his judgment and sentence entered in the United States District Court for the Northern District of Georgia. (Doc. 1). For the reasons set forth below, we will dismiss in part and deny in part the petition.

I. **Factual Background & Procedural History**

On May 8, 2012, a grand jury in the Northern District of Georgia issued a superseding indictment charging Cartman with conspiracy to defraud the United States under 18 U.S.C. § 371 for conspiring with codefendants to knowingly cause false representations to be made with respect to information required to be kept in the records of a federal firearms license; seven counts of knowingly causing false representations to be made with respect to information required to be kept in the records of a federal firearms license under 18 U.S.C. § 924(a)(1)(A); and, five counts of unlawful possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). See United States v. Cartman, No. 1:10-CR-512, Doc. 151 (N.D. Ga.). The

superseding indictment detailed Cartman's history of two previous felony convictions, each of which were punishable by prison terms exceeding one year. Id.

A jury trial was held in May 2012. Id., Docs. 166-168, 217-219. At trial, Cartman stipulated that he was a convicted felon at the time he possessed the firearms. Id., Doc. 217 at 34-35, Transcript of Jury Trial, N.T. 34:12-35:11; Doc. 219 at 64, Transcript of Jury Trial, N.T. 439:3-13. On May 24, 2012, a jury convicted Cartman on all counts. Id., Doc. 170. On February 13, 2013, the United States District Court for the Northern District of Georgia sentenced Cartman to a total term of imprisonment of 137 months. Id., Doc. 234.

Subsequently, the United States Court of Appeals for the Eleventh Circuit affirmed Cartman's judgment of conviction. See United States v. Cartman, 607 F. App'x 888 (11th Cir. 2015) (nonprecedential). The United States Supreme Court denied a writ of *certiorari*. See Cartman v. United States, 137 S. Ct. 222 (2016).

Cartman filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the sentencing court denied in 2018.[1] See Cartman, No.

---

[1] The court summarized the litany of claims raised in Cartman's Section 2255 motion as follows: (1) he was actually innocent because the government neither alleged nor proved that there was United States territorial jurisdiction over his case or that the court had *in personam* jurisdiction over him; (2) his attorney did not have authority to represent him and was forced on him just before trial; (3) his right to a speedy trial was violated; (4) he was improperly denied release on bond; (5) the evidence presented at trial was insufficient to support the convictions on the possession charges; (6) the jury instructions were improper; (7) the court violated the Federal Rules of Evidence; (8) the government improperly vouched for an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives; (9) the government's opening and closing statements were improper; (10) the court erred by not conducting a hearing to determine whether Cartman was competent to represent himself at sentencing; (11) the court improperly enhanced, under the United States Sentencing Guidelines, his sentence for trafficking guns, when he

2

1:10-CR-512, Docs. 291, 308, 312, 314.  The Eleventh Circuit denied Cartman's request for a certificate of appealability.  See Cartman v. United States, No. 18-11520-J (11th Cir. Apr. 17, 2019).

Cartman then filed a motion to reopen his case, challenging the trial court's jurisdiction and attacking the credibility of the judges who presided over his case.  See Cartman, No. 1:10-CR-512, Doc. 335.  He also filed a motion to supplement his Section 2255 motion.  Id., Doc. 336.  The sentencing court found that Cartman had failed to obtain the requisite authorization to bring a second or successive Section 2255 motion, and further found that Cartman was merely reasserting claims that were previously rejected by the district and appellate courts.  Id., Doc. 337.  Accordingly, it denied both motions.  Id.

Cartman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, setting forth the following claims: (1) the district court lacked jurisdiction over his criminal case; (2) the magistrate judge and the district judge who presided over his criminal case refused to recuse themselves; (3) the judges exhibited judicial bias; (4) the district and appellate courts improperly appointed counsel for him; (5) his court appointed attorneys were ineffective; and (6) the

---

was not charged with, and there was no evidence of, such trafficking; (12) his prior convictions in two state cases were improperly used as the basis for the possession charges and to enhance his sentence because he was not represented by counsel in the first case; (13) the term of court expired before judgment; (14) his trial and appellate counsel were ineffective; (15) his constitutional right of access to the courts was violated; and (16) his pretrial confinement in administrative segregation was illegal and constituted cruel and unusual punishment.  See Cartman v. United States, No. 10-CR-512-ELR-LTW-1, 2018 WL 1148138, at *5-6 (N.D. Ga. Jan. 19, 2018).  The court found that 15 of Cartman's claims were procedurally defaulted, but also rejected each claim on the merits.  Id. at *7-22.

district court improperly allowed him to represent himself at sentencing. (Doc. 1 at 2-17). Cartman filed a supplement to the petition wherein he claims, *inter alia*, that his convictions under 18 U.S.C. § 922(g) and § 924(a)(1)(A) are invalid based on the United States Supreme Court decision in Rehaif v. United States, 588 U.S. \_\_\_, 139 S. Ct. 2191 (2019). (Doc. 4).

On April 23, 2021, Cartman was released from the custody of the Bureau of Prisons. See *Inmate Locator*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 28, 2021).

## II. Discussion

### A. Cartman Fails to Meet the Savings Clause of 28 U.S.C. § 2255(e)

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

4

2002) (citing <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." <u>Okereke</u>, 307 F.3d at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)). A Section 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a Section 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle v. U.S. *ex rel.* Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). However, Section 2255 "in not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." <u>Id.</u> at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." <u>Id.</u> at 538.

Cartman's claims in the habeas petition fall within the purview of Section 2255 because they challenge the validity of his conviction and sentence. He presents no reason why the claims raised in the instant petition could not have been presented as grounds for a motion to file a second or successive Section 2255 petition. In fact, there is no indication that Cartman requested permission from the United States Court of Appeals for the Eleventh Circuit to file a second or successive Section 2255 motion, a remedy that remains available to him. Notably, the denial of a second or successive petition does not make Section 2255 relief inadequate or ineffective. <u>See</u> <u>Cradle</u>, 290 F.3d at 539 (stating that a petitioner

5

"cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (nonprecedential) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. If a petitioner improperly challenges a federal conviction or sentence under Section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Cradle, 290 F.3d at 539. The court will dismiss all claims, other than the Rehaif claim, for lack of jurisdiction.

**B.    Cartman's Rehaif Claim Fails on the Merits[2]**

Cartman seeks to dismiss the 18 U.S.C. § 922(g) and § 924(a)(1)(A) convictions based on Rehaif. (Doc. 4). Cartman asserts that his convictions are invalid under Rehaif on the following grounds: (1) he was never informed that knowledge of his status as a convicted felon is a required element under Section 922(g); (2) the prior felony convictions used to support the Section 922(g) offense are invalid; (3) the jury was not instructed on the knowledge-of-status element; (4) the government failed to allege that he instructed coconspirators to purchase the firearms or that they

---

[2] The government concedes that this court has jurisdiction over Cartman's Rehaif claim. (Doc. 24 at 18-19 (citing *In re* Sampson, 954 F.3d 159, 161 (3d Cir. 2020) (holding that Rehaif "did not set forth a new rule of constitutional law as contemplated by § 2255(h)", and, thus, a second or successive § 2255 motion would not be permitted based on Rehaif)).

6

purchased firearms; and (5) the government failed to prove that he knowingly possessed the firearms. (Id. at 2-3).

Section 922(g)(1) prohibits an individual "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing firearms. 18 U.S.C. § 922(g)(1). Section 924(a)(2) provides that anyone who "knowingly violates" that provision is subject to imprisonment for up to ten (10) years. See id. § 924(a)(2). In Rehaif, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status." Rehaif, 139 S. Ct. at 2194. Accordingly, to convict an individual of violating Section 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id.

The court must consider whether Cartman was convicted of conduct—being a felon in possession of a firearm—that is no longer a crime in light of Rehaif. Actual innocence claims "under § 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017). Thus, Cartman must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." Id. A habeas court, therefore, must make its determination "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence

7

tenably claimed to have been wrongly excluded or to have become available only after the trial." Schlup v. Delo, 513 U.S. 298, 328 (1995) (citation omitted).

Importantly, the government was not required to prove that Cartman specifically knew that he was prohibited from possessing firearms. See United States v. Boyd, 999 F.3d 171, ___, slip op. at 17-18 (3d Cir. May 28, 2021) (noting that knowledge that one "could not legally possess a firearm" is "a bar far higher than the Government's actual burden" (citing Rehaif, 139 S. Ct. at 2198; United States v. Kaspereit, 994 F.3d 1202, 1208 (10th Cir. 2021); United States v. Maez, 960 F.3d 949, 955 (7th Cir. 2020); United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019)). Rather, under Rehaif, the government must prove that a defendant knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction. Rehaif, 139 S. Ct. at 2200.

At trial, the government did not offer any evidence related to Cartman's past convictions. Instead, the court read the following stipulation to the jury:

> Comes now the parties, the USA, by and through counsel Sally Yates, U.S. Attorney, and Joseph Plummer, Assistant U.S. Attorney, and defendant Anthony Vincent Cartman, by and through counsel Fenn Little, and stipulate to the following:
>
> The parties stipulate that prior to and during all of the relevant time periods contained in the indictment, namely from March 11th, 2009 through May 3rd, 2009, the defendant Anthony Vincent Cartman was prohibited from possessing a firearm because he had been convicted of a felony offense, that is, a crime punishable by imprisonment for a term exceeding one year.

Cartman, No. 1:10-CR-512, Doc. 219 at 64, N.T. 439:3-13. The stipulation establishes Cartman knew his prohibited status when he agreed to the stipulation, but it does not necessarily show he knew he was a felon from March 11, 2009, through May 3,

8

2009—the time he possessed the firearms. In United States v. Nasir, 982 F.3d 144 (3d Cir. 2020), the Third Circuit Court of Appeals held that a defendant's stipulation demonstrated that "he knew he was a felon at the time he signed the stipulation; [but,] based on the stipulation only, it cannot rightly be said that he knew of his status as a felon when he possessed the firearms at issue." Nasir, 982 F.3d at 172. The court emphasized that the defendant "stipulated only that he was a felon; he did not stipulate to his state of knowledge at the time of the alleged crime." Id. at 172 n.34. Ultimately, the court vacated Nasir's conviction as a felon in possession of a firearm and remanded the matter for a new trial, holding that the government's failure to prove the defendant knew he was a felon was plain error. Id. at 170-77. Subsequently, the United States Supreme Court has suggested a stipulation may be sufficient evidence of knowledge of status: in Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2021 WL 2405146 (June 14, 2021). In rejecting Rehaif claims raised on direct appeal by two defendants convicted of felon-in-possession charges, the Court noted that the defendants' prior convictions, one of which was established at trial by stipulation, were "substantial evidence that they knew they were felons." Greer, 2021 WL 2405146, at *4. The Court observed that "demonstrating prejudice under Rehaif 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" Id. at *4-5 (quoting United States v. Lavalais, 960 F.3d 180, 184 (5th Cir. 2020)).

We need not determine in this case whether a prior-felony stipulation that does not explicitly speak to knowledge is sufficient to satisfy Rehaif because the record is replete with evidence, in addition to the stipulation, that demonstrates

9

Cartman's knowledge of his status as a convicted felon. The court finds that the stipulation, coupled with the other evidence of record set forth below, strongly suggests that Cartman knew of his status as a convicted felon when he possessed the firearms and that the jury would have convicted if they were instructed on the knowledge-of-status element. See Rehaif, 139 S. Ct. at 2198 (a defendant's "knowledge can be inferred from circumstantial evidence" (quoting Staples v. United States, 511 U.S. 600, 615 n.11 (1994))).

Cartman was previously convicted of two felony offenses in Georgia state court.[3] On or about December 14, 1992, Cartman pled guilty to conspiracy to commit the sale of cocaine, and possession of a firearm during the commission of a felony, in the Superior Court of Clayton County, Georgia. Cartman, No. 1:10-CR-512, Doc. 291-1 at 57-61; State of Georgia v. Cartman, No. 92-CR-516-2. He was sentenced to 70 days' imprisonment and a term of probation in excess of four years.

---

[3] Cartman challenges the validity of his state court convictions and asserts that they were improperly used to charge him with violating Section 922(g). (Doc. 4 at 2). Cartman raised this issue during his sentencing hearing in the Northern District of Georgia. United States v. Cartman, No. 1:10-CR-512, Doc. 253 at 35-45. In addressing this claim, Cartman's attorney presented certified copies of the convictions. Id. at 36. The sentencing court ultimately found that Cartman could not challenge his state convictions at his federal sentencing hearing. Id. at 40. In his § 2255 motion, Cartman similarly challenged his state court convictions. United States v. Cartman, No. 1:10-CR-512, Doc. 291. The sentencing court found that Cartman did not exhaust these claims in state court, and, even if he had properly exhausted the available remedies, they failed on the merits. See Cartman v. United States, 2018 WL 1148138, at *17. Cartman's challenge to his state court convictions are not properly raised in the instant § 2241 petition. See, e.g., Littles v. United States, 142 F. App'x 103 (3d Cir. 2005) (per curiam) (holding that inmate could not use a § 2241 habeas petition to pursue his claim that his previous state conviction was unconstitutionally obtained and should not have been used to enhance his sentence).

Id. On June 21, 1994, his probation was revoked and he was sentenced to a total term of imprisonment of five years. Id. Several years later, on April 25, 2007, Cartman pled guilty to possession of a firearm by a convicted felon in the Superior Court of Cherokee County, Georgia. Doc. 21 at 8, 27-28, State of Georgia v. Cartman, No. 07-CR-16. He was sentenced to six months' imprisonment, followed by three and a half years' probation. Id. On October 20, 2009, Cartman's probation was revoked and he was sentenced to a one-year term of imprisonment. Id. Both felony convictions were listed in the presentence report. Id., Doc. 21 at 8, 24-25, 27-28. The government could have offered certified copies of these prior convictions—one of which constitutes an explicit prior acknowledge by Cartman of *both* his felon status *and* the prohibition on possessing firearms that flows from that status—as exhibits in Cartman's federal trial.

The superseding indictment in Cartman's federal case detailed these prior felony convictions and charged him with knowingly possessing a firearm as a convicted felon. See Cartman, No. 1:10-CR-512, Doc. 151. Counts nine through thirteen enumerated the charging statutes: 18 U.S.C. § 922(g) and § 924(a)(2). Id. The essential elements of a felon-in-possession charge under 18 U.S.C. § 922(g)(1) are: "It shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm. Id. § 922(g)(1). Section 924(a)(2) provides that anyone who "knowingly violates" that provision is subject to imprisonment for up to ten (10) years. See id. § 924(a)(2). The superseding indictment sufficiently alleged the scienter element of the offense by tracking the language of the underlying statute and charging that,

11

from March 11, 2009, through May 3, 2009, Cartman knowingly possessed firearms as a convicted felon. See United States v. Stevenson, 832 F.3d 412, 424 (3d Cir. 2016) (holding that an indictment will generally pass muster if it identifies the statute allegedly violated, tracks the statutory language, and identifies the time period of the alleged violation) (citations omitted).

Lastly, at trial, the government presented testimony of two coconspirators, Casita Q. Washington and Erron D. Love. Cartman, No. 1:10-CR-512, Doc. 218 at 60-64, 188-89. Both testified that they were paid to purchase firearms for Cartman, who could not purchase guns because he was a felon. Id., Doc. 218 at 60-61, N.T. 195:12-196:4; Doc. 218 at 64, N.T. 199:12-14; Doc. 218 at 188-89, N.T. 323:20-324:12.

A reasonable and properly instructed jury would very likely and reasonably conclude that Cartman knew, at the time he possessed the firearms from March 11, 2009, through May 3, 2009, that he had previously been convicted of crimes punishable by more than one year in prison. There is ample evidence that could have been produced at trial to demonstrate Cartman's qualification under § 922(g). The state court judgments, the federal superseding indictment, the stipulation, presentence report, and trial testimony establish that Cartman was convicted of offenses punishable for more than one year in prison. Indeed, as we noted above, Cartman pled guilty to possession of a firearm by a convicted felon just two years prior to the offense conduct in this case. That conviction, standing alone, is unequivocal proof that Cartman not only knew he was a convicted felon in the spring of 2009, but also that he could not possess a firearm as a result. Moreover, in his traverse, Cartman explicitly admits that he "was *well aware that [he] was a*

*convicted felon.*" (Doc. 27 at 2 (emphasis added)). That Cartman's admission links to an unproven assertion that his underlying convictions were constitutionally invalid does not lessen its proof of knowledge. Thus, he cannot rightly argue that he was unaware of his felon status. See United States v. Cartman, No. 1:10-cr-512, Doc. 224; see also Greer, 2021 WL 2405146, at *7 (holding that on direct appeal "a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). The court concludes that Cartman has not demonstrated that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of the Section 922(g) offense. Bousley, 523 U.S. at 623. Accordingly, he is not entitled to relief under Rehaif, and his Section 2241 petition will be denied on this ground.

## III. Conclusion

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with respect to Cartman's challenge to his judgment and sentence entered in the United States District Court for the Northern District of Georgia. The court will deny the petition with respect to Cartman's Rehaif claim. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: June 30, 2021